## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC, | |
| Plaintiff, | |
| v. | Case No. |
| THE COCA-COLA COMPANY, | |
| Defendant. | |

## PLAINTIFF ROTHSCHILD CONNECTED DEVICES INNOVATIONS LLC'S MOTION TO COMPEL NON-PARTY PLEXUS CORP. TO COMPLY WITH SUBPOENA FOR DOCUMENTS AND TESTIMONY

Plaintiff Rothschild Connected Devices Innovations LLC ("RCDI"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 45 and Eastern District of Wisconsin Civil Local Rule 7, moves the Court to compel non-party Plexus Corp. ("Plexus") to comply with the subpoena for documents and testimony served upon it by RCDI (*See* Declaration of Amy M. Bowers-Zamora ("Bowers Dec."), Ex. 1).

RCDI's arguments in support of its Motion to Compel are set forth below.  The Motion to Compel is further supported by the Declaration of Amy M. Bowers-Zamora, which is being submitted herewith and incorporated herein by this reference.  Pursuant to Civil L.R. 7, no separate memorandum is being filed with this Motion to Compel.

## I.      INTRODUCTION AND RELEVANT FACTS

In 2015, RCDI (a Florida-based company organized and existing under the laws of the State of Texas) brought a patent infringement suit in the Southern District of Florida against Georgia-based Defendant The Coca-Cola Company ("TCCC").  The case was subsequently transferred to the Northern District of Georgia, where it remains pending. RCDI alleges that

TCCC's Freestyle beverage dispensers infringe claim 11 of its patent, U.S. Patent No. 8,417,377 (the "'377 patent"), entitled "System and Method of Creating a Personalized Consumer Product." Fact discovery closes on February 28, 2018 and expert discovery closes on June 13, 2018.

Plexus is a Wisconsin-based manufacturing company. Plexus was hired by TCCC to manufacture the Freestyle beverage dispensers that RCDI alleges infringes the '377 patent. (*See, e.g.,* Compl. at ¶¶ 21-25, 27, 28, 31, 34-35, 40, 45; Bowers Dec., Ex. 2). Because Plexus manufactured the beverage dispenser RCDI alleges infringes its '377 patent, RCDI subpoenaed it for (a) testimony from Plexus' records custodian and corporate representative(s) with the most knowledge concerning designated matters, and (b) documents pertaining to the Freestyle beverage dispensers as relevant to RCDI's infringement analysis. *See* Ex. 1 at 6-8.

Plexus does not dispute that it was timely served with the subpoena and, indeed, there can be no doubt that Plexus was properly and timely served. (*See* Return of Service of Subpoena; Bowers Dec.; Ex. 3). Upon receipt of the subpoena, Plexus became represented by counsel for TCCC and, through counsel, propounded objections to each of the nine document requests and interposing further objections to each of the three deposition areas of designation. (*See* Plexus Corp.'s Resp.'s & Objections to Pl.'s Notice of Subpoena; Bowers Dec., Ex. 4). In other words, TCCC's counsel in the underlying case has appeared as counsel for Plexus to oppose the subpoena. In the objections that were served, counsel for Plexus (and TCCC) principally asserted that some of the documents sought by the subpoena were previously produced to RCDI by TCCC. Counsel for RCDI and Plexus/TCCC met and conferred over that objection, whereby RCDI further offered to stipulate that Plexus needn't produce documents to RCDI if they were previously produced to TCCC, provided that counsel for Bottle Rocket (who is also counsel for TCCC) designate by Bates numbers in the existing TCCC production the documents corresponding to each of the document

requests in the subpoena to Plexus (for context, TCCC produced approximately 400,000 pages of documents in this case). Given that TCCC's counsel is also Plexus' counsel, and that said counsel had already acknowledged that responsive documents were previously produced to RCDI, it strains credulity that identification of such documents by Bates number would be a difficult—or even merely inconvenient—undertaking. Nevertheless, Plexus has not withdrawn its objections.

RCDI has limited its requests to only nine categories of documents. Moreover, RCDI's subpoena to Plexus was only served after efforts to obtain the same information from TCCC—which hired Plexus to manufacture the Freestyle beverage dispensers at issue—failed. Due to TCCC's failure to include these highly relevant documents in its production to RCDI, and Plexus' subsequent failure to comply with the subpoena served upon it, RCDI's ability to undertake its infringement analysis vis-à-vis the Freestyle beverage dispenser manufactured by Plexus (and commissioned by TCCC) is substantially prejudiced.

Additionally, Plexus did not appear for its deposition duly scheduled to occur on February 26, 2018. (*See* Certificate of Non-Appearance; Bowers Dec., Ex. 5). Plexus did not seek much less obtain a protective order or an order quashing the subpoenas prior to its scheduled deposition. Plexus should be deemed in violation of the subpoena and ordered to appear for its deposition, to produce documents, and to testify.

## II.  <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 26(b) allows a party to obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). In making the relevance and proportionality determination, the Court should "consider[] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The relevancy standard means only "that the fact must be germane to a claim or defense alleged in the pleading for information concerning it to be a proper subject of discovery," and "discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on claims and defenses of the parties." 6-26 James Wm. Moore, *et al., Moore's Federal Practice* § 26.42[1] (2015). Although the recent amendment to Rule 26 is intended to "restore[] proportionality" as a consideration for the parties and the Court in shaping discovery, "the change does not place on the party seeking discovery the burden of addressing all proportionality considerations." Fed. R. Civ. P. 26(b), advisory committee's note (2015). "Nor is the change intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional." *Id*. Rather, because "[a] party claiming undue burden or expense ordinarily has far better information— perhaps the only information—with respect to that part of the determination," the burden remains on the responding party to show that the burdens imposed by a particular discovery request are not proportional to the needs of the case. *Id*.

These standards apply with equal force to discovery sought pursuant to Rule 45. *See Teed v. JT Packard & Assocs., Inc.*, No. 08-CV-303-BBC, 2010 WL 2925902, at *2 (E.D. Wisc. July 20, 2010) ("The scope of discovery obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules."); *see also* Fed. R. Civ. P. 45, advisory committee's note (1970) ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."). Under Rule 45(a)(1), any party may serve a subpoena commanding a nonparty to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1). Under Rule 45, a person commanded to

produce documents may serve a written objection to the subpoena. Fed. R. Civ. P. 45(c)(2)(B). After a written objection has been made, the party serving the subpoena may not have access to the requested documents absent a court order, but may, at any time, move for an order to compel document production. *Id.; see also* Fed. R. Civ. P. 37(a) (any party may, upon "notice," request an order compelling discovery or disclosure).

Although a respondent's status as a nonparty is considered when determining whether a person will be subject to undue burden, the respondent opposing a subpoena must still "establish undue burden with a particularized showing." *Reed v. Illinois*, 318 F.R.D. 77, 79 (N.D. Ill. 2016) (citing *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002)); *Pac. Century Intern., Ltd. v. Does*, 282 F.R.D. 189, 193 (N.D. Ill. 2012) ("The party opposing discovery has the burden of showing the discovery is overly broad, unduly burdensome, or not relevant.") (citation omitted). To determine whether the subpoena presents an undue burden, courts in this Circuit consider a number of factors, "including the person's status as a non-party, the relevance of the discovery sought, the subpoenaing party's need for the discovery, and the breadth of the request." *Uppal v. Rosalind Franklin Univ. of Med. & Sci.*, 124 F. Supp. 3d 811, 813 (N.D. Ill. 2015).

### III.   <u>ARGUMENT</u>

For the following reasons, Plexus should be compelled to comply with the subpoena *duces tecum* served upon it by RCDI.

### A.   <u>The Documents Sought in the Subpoena are Directly Relevant to RCDI's Claims</u>

Plexus objects to document requests 1, 2, and 6-9 and designated topics 1 and 3 as seeking information that is not relevant to any party's claim or defense or the issues in litigation. Ex. 4 at 2 (Freestyle dispenser design and development documents), 4 (manufacture and release documents), 9 (documents showing nature and type of data transmitted by Freestyle dispensers),

11 (documents showing nature type of day received by Freestyle dispensers), 13 (communications with TCCC regarding this case, the '377 Patent, or RCDI), and 14 (agreements with TCCC relating to any Freestyle dispenser). Plexus does not support its relevancy objection with any factual or legal reasoning.

Documents and testimony relating to the Freestyle dispensers and Plexus' manufacture thereof (per agreement with TCCC) are directly relevant to RCDI's infringement claim. As explained above, RCDI claims that the Freestyle beverage dispenser manufactured by Plexus (and commercialized by TCCC) infringes its '377 patent. Each of the requests to which Plexus objects on relevancy grounds pertains to the beverage dispensers at issue and Plexus' manufacture thereof. This information is not otherwise available to RCDI.

Plexus' relevance objection to producing the requested documents and providing the related testimony is simply meritless. Accordingly, the Court should overrule Plexus' objections to the subpoena on Plexus' claim that the documents and designated topics are not relevant to any claim, defense, or issue in this litigation.

### B.   Bottle Rocket Has Not Shown, and Cannot Show, Undue Burden or Expense

Plexus objects to all nine document requests and all three designated topics on the basis of undue breadth, vagueness, burden, and expense. Plexus claims that the burden and expense of the requested discovery outweighs any benefit to RCDI, given that Plexus is not a party to this case. *See, e.g.,* Ex. 4 at 2, 4, 6-9, 11, 13-15, 17-19. Plexus provides no factual or legal analysis to support its claim of undue burden or expense; these objections are nothing more than boilerplate. Because Plexus has far better information—perhaps the only information—with respect to the manufacture of the accused infringing Freestyle beverage dispensers, Plexus has the burden to show that the particular discovery requests are not proportional to the needs of the case. *See* Fed. R. Civ. P.

26(b)(1), advisory committee's note (2015). Plexus fails to meet its burden by not providing any explanation of how RCDI's discovery requests are disproportional to the needs of the case.

The Court should consider the *Uppal* factors in determining whether the subpoena is unduly burdensome. *See Uppal*, 124 F. Supp. 3d at 813. First, as discussed above, the items sought by the subpoena are highly relevant to RCDI's infringement analysis. Second, RCDI needs the items and testimony sought by the subpoena to support its infringement claim as it relates to the Freestyle beverage dispensers. Third, the items and testimony sought are not overbroad, as all requests are narrowly tailored to pertain to the Freestyle beverage dispensers manufactured for TCCC by Plexus. Fourth, because RCDI is only seeking documents and testimony pertaining to Plexus' manufacture of the Freestyle beverage dispensers, as commissioned by TCCC, the time period covered by the requests is already limited as a necessary result. Fifth, RCDI has described the items it seeks with particularity and in language with which Plexus—as a manufacturer— should be intimately familiar. *See, e.g.,* Ex. 4 at 6 & 7 ("human-readable"), 8 ("network communications cards"); or, in the alternative, the items are sufficiently described when their plain meanings are applied. *See, e.g., id.* at 4 ("documents"), 6 ("installed on or downloaded to") ("component(s) thereof"), 13 ("communications"), 14 ("agreements"), 16 ("records custodian"). Sixth, Plexus' unsupported claim of undue burden fails to overcome the heavy burden of establishing that compliance with the subpoena would be unreasonable and oppressive. *Reed*, 318 F.R.D. at 79. Accordingly, the Court should overrule Plexus' objections to the subpoena on the basis of undue breadth, burden, vagueness, and expense.

### C.  Confidential and Proprietary Business Information Should Be Produced

Plexus objects to document requests 1, 2, 6-9 and all designated topics on the basis that they "seek[] the disclosure of highly confidential and competitively sensitive information without reasonable justification or need." *See* Ex. 4 at 3-4, 10-11, 13, 15-17, 19. This objection should be

7

overruled on account of the Stipulated Protective Order entered in the underlying action, which provides protection over any material designated as confidential by a non-party, such as Plexus, that has been compelled by subpoena to produce such information. (*See* Stipulated Protective Order at 12, ¶ 10; Bowers Dec., Ex. 6).

### D. <u>The Subpoena Does Not Require Production of Items in Any Specific Format</u>

Plexus objects to document requests 1-7 on the basis that the requests "call[] for information in a format other than in which it is ordinarily kept by Plexus." Ex. 4 at 3, 5-8, 10, 12. The text of document requests 1-7 do not specify how Plexus must produce the requested information and, to be clear, RCDI would be amenable to accepting the information in the manner in which it is ordinarily kept by Plexus. Rule 45 simply requires Plexus to produce the items as they are kept in the ordinary course of business and, indeed, that is all that RCDI requests Plexus to do. Fed. R. Civ. P. 45(e)(1)(A)-(B). Accordingly, the Court should overrule this objection and Plexus should be compelled to produce items responsive to document requests 1-7.

### E. <u>Plexus' Objection to Duplicative Production is Baseless and Any Burden Could Be Easily Avoided by Plexus Itself</u>

Plexus objects to document requests 1, 2, and 6-9 and all designated topics on the basis that the information sought by the subpoena was previously produced to RCDI by TCCC or was covered by prior deposition testimony. *See* Ex. 4 at 3, 5, 10, 12, 14-16, 18-19. Counsel for RCDI and Plexus/TCCC met and conferred over that objection, whereby RCDI further offered to stipulate that Plexus needn't produce documents to RCDI if they were previously produced to TCCC, provided that such previously-produced documents within TCCC's production are identified by Bates number to RCDI. *See* Composite Ex. 7 (Feb. 24, 2018 and Feb. 26, 2018 emails pertaining to offer to stipulate). Given that TCCC's counsel is also Plexus' counsel, and that said counsel acknowledges in Plexus Responses and Objections to Plaintiff's Notice of Subpoena

(attached as Ex. 4) that responsive documents were previously produced to RCDI (*see* Ex. 4 at 3, 5, 10, 12, 14-15), it strains credulity that identification of such documents by Bates number would be a difficult—or even merely inconvenient—undertaking. Likewise, assuming *arguendo* that such information was already elicited in prior deposition testimony (it was not) as Plexus claims (*see id.* at 16, 18-19), Plexus' mere identification of such testimony would be acceptable to RCDI. Plexus has failed and refused to demonstrate that the information RCDI seeks is duplicative; thus, this objection should be overruled.

### F.   Plexus Should Be Compelled to Produce a Privilege Log

Document request 8 requests "[a]ll communications with [TCCC] regarding this case, RCDI, or the '377 patent." *Id.* at 13. Document request 9 requests "[a]ll agreements between Plexus and [TCCC] relating to any Freestyle dispenser." *Id.* at 14. Plexus objects to both requests on the basis of attorney-client privilege, the attorney work-product doctrine, and "any other applicable doctrine of privilege." *Id.* at 13. Of course, RCDI is not seeking privileged information; however, Plexus should be compelled to produce a privilege log of any items withheld on the basis of privilege, which describes the nature of the information withheld in a manner sufficient to allow RCDI to assess the claim of privilege. *See* Fed. R. Civ. P. 45(e)(2)(A); *see also Brooks v. Gen. Cas. Co. of Wisconsin,* No. 06-C-996, 2007 WL 218737, at *2 (E.D. Wis. Jan. 26, 2007) (requiring production of privilege log listing each separate document claimed to be beyond discovery with sufficient detail in order to meet burden of establishing the applicability of the privilege).

### G.   Plexus Should Be Compelled to Designate a Witness to Testify

Plexus claims that it is unable to designate a witness to testify regarding designated topics 1 and 2 because the topics as written "fail[] to describe the requested information with sufficient particularity." *See* Ex. 4 at 16-18. This position is belied by the fact that Plexus admits that

testimony pertaining to these topics has already been elicited. *See id.* at 16, 18. Plexus cannot claim to not understand that which it claims has previously been discussed at depositions. Thus, Plexus should be compelled to meet its obligation under Rule 30(b)(6) to designate a witness to testify on its behalf. *See* Fed. R. Civ. P. 30(b)(6).

IV.     **CONCLUSION**

For the foregoing reasons, RCDI respectfully requests that the Court enter an Order directing Plexus to comply with the subpoena by promptly producing the documents requested and designating a records custodian and corporate representative to testify regarding the designated topics.

**CERTIFICATION OF COMPLIANCE WITH CIVIL L.R.  37**

Movant, by its counsel John C. Carey, certifies that it has conferred in good faith with Plexus in an effort to obtain the requested discovery without court action but the parties are unable to reach an accord. The conferences took place via:

Emails:

February 16, 2018 at 8:20 a.m., 10:10 a.m., 5:47 p.m.

February 20, 2018 at 4:30 p.m.

February 23, 2018 at 8:57 p.m., 9:10 p.m., 9:36 p.m.

February 24, 2018 at 2:37 p.m., 5:19 p.m., 5:44 p.m., 6:15 p.m.

February 25, 2018 at 11:31 a.m., 11:52 a.m.

February 26, 2018 at 6:59 p.m.

Telephone:

February 23, 2018 at 5:30 p.m.

Counsel for Plexus (Shane Nichols, Caitlin Smith) and RCDI (John Carey, David Levine,

Amy Bowers-Zamora) participated in the emails. Mr. Nichols and David Milian (of RCDI's counsel's law firm) participated in the phone call.

Dated: February 28, 2018                    Respectfully submitted,

                                            BECK, CHAET, BAMBERGER & POLSKY. S.C.
                                            Attorneys for Plaintiff

                                            By: */s/ Steven W. Jelenchick*
                                                    Steven W. Jelenchick (WI Bar No. 1037766)
                                                    sjelenchick@bcblaw.net
                                                    Two Plaza East, Suite 1085
                                                    330 East Kilbourn Avenue
                                                    Milwaukee, WI 53202
                                                    Telephone: (414) 273-4200
                                                    Facsimile: (414) 273-7786


                                            By: */s/ John C. Carey*
                                            John C. Carey (Florida Bar No. 78379)
                                            David M. Levine (Florida Bar No. 84431)
                                            Amy M. Bowers-Zamora (Florida Bar No. 105755)
                                            **CAREY RODRIGUEZ MILIAN GONYA, LLP**
                                            1395 Brickell Avenue, Suite 700
                                            Miami, Florida 33131
                                            Telephone:    (305) 372-7474
                                            Facsimile:    (305) 372-7475
                                            Email:        jcarey@careyrodriguez.com
                                                          dlevine@careyrodriguez.com
                                                          abowers@careyrodriguez.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 28th day of February, 2018, a true and correct copy of the foregoing document was served on respondents' counsel, shown below, by Certified Mail, Return Receipt requested, and by email.

By: */s/ Steven W. Jelenchick*
Steven W. Jelenchick

<u>Service List</u>

A. Shane Nichols
Georgia Bar No. 542654
*Shane.nichols@alston.com*
ALSTON & BIRD LLP
1201 West Peachtree St. NW
Atlanta, GA 30309
Tel. 404-881-7000
Fax 404-881-7777

*Counsel for Plexus Corp.*