# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC, | ) ) ) | |
| Movant, | ) ) | **Civil Action No.** |
| v. | ) ) | **1:18-mi-00019-TWT** |
| THE COCA-COLA COMPANY and PLEXUS CORP., | ) ) ) ) | |
| Respondents. | ) | |

## AMENDED THIRD PARTY PLEXUS CORP.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

Third Party Plexus Corp. ("Plexus") responds in opposition to Plaintiff Rothschild Connected Devices Innovations, LLC's ("RCDI") February 28, 2018 Motion to Compel Plexus to Comply with Subpoena For Documents And Testimony ("Motion").

In its Response to Plaintiff's Motion to Compel Compliance with Subpoena, Plexus inadvertently included a duplicative introduction section in its brief. Plexus hereby files this Amended Response to Plaintiff's Motion to Compel Compliance with Subpoena in order to correct this typographical error. Plexus certifies no substantive changes were made.

i

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................3

II.     ARGUMENT.................................................................................................6

     A.      RCDI's Untimely Subpoena to Third-Party Plexus.............................6

     B.      RCDI Did Not Attempt to Meet and Confer.........................................7

     C.      Plexus' Attempts to Meet and Confer Don't Save RCDI ....................8

     D.      RCDI Thwarted Plexus' Opportunity to Move to Quash ...................11

     E.      RCDI Failed to Take All Reasonable Steps to Avoid Imposing Undue Burden on Plexus.........................................................................................12

     F.      Coca-Cola Has Already Produced the Documents RCDI Seeks ........15

## I.    INTRODUCTION

This motion to compel compliance with a third-party subpoena was originally filed on February 28, 2018 in the Eastern District of Wisconsin (Miscellaneous Action No. 18-mc-0008), and was transferred to this District on March 8, 2018. Movant RCDI is the plaintiff in an underlying patent infringement action in this District (Civil Action No. 16-cv-01241-TWT), in which RCDI accuses Coca-Cola of infringing U.S. Patent No. 8,417,377 ("the '377 Patent") by commercializing Freestyle dispensers that can be used in conjunction with Coca-Cola's Freestyle App.

On February 9, 2018, RCDI served document and deposition subpoenas on third-parties Plexus Corp. ("Plexus") and Bottle Rocket LLC ("Bottle Rocket"). Plexus is a Wisconsin company that manufactures the Freestyle dispensers under contract with Coca-Cola. Bottle Rocket is a Dallas company that helped Coca-Cola program the Freestyle App.[1]  In the underlying case, Coca-Cola, Plexus, and Bottle Rocket moved to quash RCDI's subpoenas (D.E. 87, 89), and Coca-Cola moved

---

[1] Counsel for Coca-Cola represents third parties Plexus and Bottle Rocket for the sole purpose of defending them against RCDI's subpoenas and its motions to compel. Plexus and Bottle Rocket are also represented in this matter by in-house and outside counsel, who are not admitted in this District.

3

separately for a motion for protective order in connection with RCDI's last-minute Notice of 30(b)(6) Deposition (D.E. 91).

In its rush to file this motion to compel, RCDI (i) failed to meet and confer with counsel for Plexus, as required by the Local Rules; and (ii) neglected to review Coca-Cola's massive document production for purposes of identifying with specificity any alleged deficiencies.

RCDI has now filed its responses to the motions for protective order and to quash mentioned above (D.E. 87, 89, 91). In neither of RCDI's response briefs (D.E. 93, 94) does it deny Coca-Cola's allegations regarding RCDI's failure to meet and confer in connection with its Notice of 30(b)(6) Deposition to Coca-Cola, or its Subpoenas to Bottle Rocket and Plexus (*id*.). Though RCDI refers obliquely to "meet-and-confer emails," those emails were sent only after RCDI failed to appear at the scheduled meet and confer (*see*, *e.g.*, D.E. 93 at 17), or after the motions for protective order and to compel had already been filed (*see*, *e.g.*, D.E. 93 at 18).

Coca-Cola has already produced to RCDI the information sought from Plexus. RCDI claims that it served its third-party subpoena to obtain information from third-party Plexus "only … after efforts to obtain the ***same information*** from [Coca-Cola] failed." (D.E. 1 at 3, emphasis added). RCDI justifies this motion to

compel solely on the "substantial prejudice" impacting RCDI's "ability to undertake its infringement analysis" in the absence of the information sought through the third-party subpoena. But if RCDI had reviewed the documents that Coca-Cola has already produced, it would not have needed to seek this Court's intervention. The only justification that RCDI has provided for serving its third-party subpoena on Plexus, and filing its motion to compel, has thus been eliminated.

Rather than focusing on substantive issues in the underlying case, however, RCDI has chosen to pursue an unnecessarily aggressive approach to discovery – for reasons that are unclear. So far in this case, RCDI has filed nine motions to compel discovery.[2]  Coca-Cola has already responded to 160 document requests, 25 interrogatories, 15 requests to inspect, 10 individual deposition notices, 699 requests for admission, provided 5 Coca-Cola employees as fact witnesses for all-day depositions, and produced 420,851 pages of documents (including some of the most highly sensitive information in the company). RCDI's nine motions to compel – including two against third parties with no stake in this litigation – have

---

[2] RCDI filed three motion to compel in the Southern District of Florida, before the case was transferred to this District. RCDI later filed four motions in this Court to compel additional discovery from Coca-Cola, and two motions to compel Coca-Cola's vendors, third-parties Bottle Rocket and Plexus to produce Coca-Cola's documents (including the current motion).

been filed for reasons other than a legitimate need for more information from Coca-Cola.

Although Coca-Cola has produced to RCDI a massive amount of information, RCDI is demanding even more. Through its third-party subpoena and this motion to compel, RCDI seeks some of Coca-Cola's most jealously-guarded intellectual property from Coca-Cola's third-party vendor. Yet, RCDI has not even bothered to accept Coca-Cola's invitation to inspect a Freestyle dispenser to observe its operation. Nor has RCDI bothered to review the documents Coca-Cola has already produced, or it would know that it already has the information it seeks from third party Plexus. Accordingly, RCDI's motion to compel Plexus' production of documents and deposition should be denied.

## II.  ARGUMENT

### A.  RCDI's Untimely Subpoena to Third-Party Plexus

After eight months of fact discovery, the initial fact discovery period closed on May 5, 2017 (D.E. 57). Post-claim construction fact discovery closed on February 28, 2018 (*id*.). The Court's deadline for initial expert reports is set for March 28, 2018 – i.e., 30 days after fact discovery closes. As the post-claim construction fact discovery period neared its February 28 conclusion, RCDI served

(i) document and deposition subpoenas on Plexus and Bottle Rocket on February 9; and (ii) RCDI's first notice of 30(b)(6) deposition of Coca-Cola on February 8.

On February 23, Plexus served timely objections to RCDI's subpoena. On February 26, 2018, Coca-Cola, Bottle Rocket, and Plexus jointly moved this Court to quash RCDI's last-minute subpoenas in the underlying case. (D.E. 87, 89.)  On February 28, 2018, Bottle Rocket filed a motion to quash in the Southern District of Texas. When that subpoena-related action was transferred to this Court, however, Bottle Rocket withdrew its motion as duplicative of the motion to quash it had previously jointly filed in the underlying case (D.E. 87).

RCDI never contacted Plexus before serving it with a subpoena. Nonetheless, RCDI unilaterally set document production deadlines and deposition dates for February 26 and 27 respectively, without asking for Plexus' availability. With its last-minute document requests and demands for depositions on the last three days of fact discovery, RCDI was obviously presuming that this Court would permit it to take discovery outside of the fact discovery period.

## B.   RCDI Did Not Attempt to Meet and Confer

RCDI made no effort to meet and confer with Plexus in connection with this motion to compel. RCDI's claim that "[c]ounsel for RCDI and Plexus/TCCC met and conferred" is refuted by its own cite to emails (not even telephone discussions)

that were sent to Plexus' counsel after RCDI failed to appear for the parties'
agreed-upon meet and confer on February 23 (D.E. 1 at 2-3). Ironically, the meet
and confer that RCDI failed to appear for was Coca-Cola, Plexus, and Bottle
Rocket's scheduled meet and confer to discuss the motions to quash and motion for
protective order that were filed to seek protection from RCDI's last-minute
subpoenas and 30(b)(6) depositions. RCDI never even attempted to meet and
confer in connection with its own motion to compel Plexus – i.e., this motion.

### C.   Plexus' Attempts to Meet and Confer Don't Save RCDI[3]

On the morning of February 16, counsel for Plexus made clear to RCDI that
the third-party subpoenas were improper and should be quashed (Nichols Dec. at
Ex. A). Later that same afternoon, counsel for Plexus proposed a meet and confer
for the following Monday to discuss the third-party subpoenas (*id*. at Ex. B)
(emphasis added). RCDI never responded to the February 16 proposal of a meet
and confer. On February 20, Plexus' counsel again proposed a meet and confer (*id*.
at Ex. C). For several days thereafter, counsel for Plexus continued pressing

---

[3] The facts of RCDI's failure to participate in Bottle Rocket, Plexus, and
Coca-Cola's scheduled meet and confer are provided in additional detail in
Coca-Cola's Motion for Protective Order (D.E. 91 at 7-10) and Coca-Cola, Plexus,
and Bottle Rocket's Motion to Quash Subpoenas (D.E. 87 at 8-11), currently
pending in the underlying patent infringement case (16-cv-01241-TWT).

counsel for RCDI for a meet and confer, with only sporadic responses from RCDI's counsel (*id*. at Ex. D).

On Friday, February 23, RCDI finally agreed to a meet and confer for that same day at 5:30 p.m. At the scheduled teleconference time, counsel for RCDI failed to show up (*id*.). Instead, a Mr. Milian joined the meet and confer teleconference and stated that he "only had authority to agree to modify the scheduling of the depositions." (*id*. at Exs. E, J). Counsel for Plexus explained to Mr. Milian that the purpose of the meet and confer was to discuss the improper subpoenas and 30(b)(6) notice – not to discuss scheduling (*id*.). Mr. Milian stated that because he was driving in his car, and did not have the subpoenas or the 30(b)(6) notice in front of him, he could not discuss those issues with us (*id*.). In any event, Mr. Milian had stated he lacked the authority to meet and confer on those issues (*id*.).

In short, none of RCDI's counsel of record participated in the meet and confer. And though Mr. Milian purported to speak for RCDI, he admitted that he lacked the authority to engage in a good faith meet and confer on the motions the parties had agreed to discuss (*id*.). Moreover, RCDI has never even attempted to meet and confer on this motion to compel Plexus' document production and subpoena.

When it responded Coca-Cola's Motion for Protective Order (D.E. 91) and Coca-Cola, Plexus, and Bottle Rocket's Motion to Quash Subpoenas (D.E. 87), currently pending in the underlying patent infringement case (16-cv-01241-TWT), RCDI did not deny a single fact regarding its failure to appear and engage in a good faith meet and confer. RCDI has thus conceded its failure to meet and confer as required by the Local Rules. With that concession, RCDI also necessarily concedes this motion to compel Plexus' document production and deposition.

Although RCDI claims to have engaged in meet and confer process, it simply did not. RCDI's counsel sent counsel for Plexus an email on February 26 stating RCDI's intention to file a motion to compel (*id*. at Ex. I). And the parties never discussed RCDI's motion to compel Plexus – either in person or by telephone.

In its rush to the courthouse, RCDI has neglected to follow this Court's Local Rules requiring parties to meet and confer before filing a motion. LR 37.1(A)(1); *see also See Graco Children's Prod. Inc. v. Kids II, Inc*., No. 1:13-CV-1183-TWT, at *2-3 (N.D. Ga. February 13, 2015) (Thrash, J.) (denying plaintiff's motion to compel "because there was inadequate good-faith effort to meet-and-confer regarding the discovery disputes"). Given RCDI's disregard of the meet and confer requirement, it is clear that RCDI did not intend to resolve its discovery

dispute with Plexus without Court action, and instead desired only to bring its motion to compel – along with its five other pending motions to compel in the underlying case.

### D.    RCDI Thwarted Plexus' Opportunity to Move to Quash

RCDI urges this Court to compel Plexus to produce documents and appear for a deposition because Plexus was unable to seek an order quashing the subpoena before the date set for Plexus' deposition (D.E. 1 at 3). RCDI misunderstands the application of Rule 45 to non-parties. Rule 45 provides that a non-party may simply object to the production of documents requested in a subpoena. Absent an agreement that would allow Plexus to withdraw its objections, the only recourse for RCDI is to file a motion to compel. *See* Fed. R. Civ. P. R. 45(d)(2)(B)(i); *see Estate of Manship v. United States*, No. 1:08-CV-3239, 2009 WL 10668306, at *8 (N.D. Ga. June 5, 2009) ("Having made their objections, [the third parties] did not have a duty to search, and under [Rule 45], they are relieved of any duty to obey the subpoena until and unless ordered to do so by the court).

Nonetheless, because of RCDI's failure to meaningfully participate in a meet and confer, counsel for Plexus worked over the entire weekend to prepare a motion to quash the subpoena on February 26 – i.e., the day before the date RCDI unilaterally set for Plexus' deposition. While Rule 45 requires a "timely motion,"

courts have discretion to consider subpoenas filed after the date of compliance. In fact, courts have held that motions to quash non-party subpoenas filed weeks after the date of compliance are not untimely "when [the] subpoenas impose significant expense on non-parties and when there is contact between counsel for the non-party and the subpoenaing party prior to any challenge to negotiate production." *Alabama Aircraft Indus., Inc. v. Boeing Co.*, No. 2:11-CV-03577-RDP, 2017 WL 4585582, at *3 (N.D. Ala. Apr. 25, 2017); *Ward v. Liberty Ins. Corp.*, No. CIV-15-1390-D, 2018 WL 991546, at *2 (W.D. Okla. Feb. 20, 2018) (because the document and deposition subpoena is "overbroad in scope and presents an undue burden" the court "chooses to exercise its discretion to consider the merits of MES's motion to quash even though the motion was filed eighteen days after the time of compliance.").

## E. RCDI Failed to Take All Reasonable Steps to Avoid Imposing Undue Burden on Plexus

As RCDI itself recognizes, to comply with Rule 45, an issuing party must limit the subpoena to discovery that is relevant and proportional under the same standards set forth in Rule 26(b). *Aeritas, LLC v. Delta Airlines, Inc.*, No. 11-CV-00969, 2013 WL 454452, at *2 (N.D. Ga. Feb. 7, 2013).

In the context of Rule 45, however, proportionality and relevance are not the only limitations imposed on a party seeking discovery from third parties. Rule 45

presents another hurdle. A party issuing a third-party subpoena "***must*** take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Fed. R. Civ. P. 45(d)(1). Beyond that, a court ***must*** quash or modify a subpoena when it fails to provide reasonable time to comply, requires disclosure of privileged information, demands compliance beyond the geographical limits specified, or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv); *see also In re Kemper Ins. Companies*, No. 1:02-cv-1198, 2003 WL 25672797, at *4 (N.D. Ga. June 17, 2003) (A party has a duty to seasonably conduct discovery within the allotted or extended discovery period).

As a part of this analysis, "'non-party status is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue.'" *Aeritas*, 2013 WL 454452, at *2 (internal citations omitted). Based on non-party's heightened protection from burdensome discovery, courts analyze whether the party issuing the subpoena took all reasonable steps to seek discovery from parties to the litigation ***before*** seeking discovery from a non-party. *Aeritas*, 2013 WL 454452, at *2; *see also Brilliant Alternatives, Inc. v. Feed Mgmt. Sys., Inc*., No. 1:09–CV–2348, 2011 WL 72336, at *6 (N. D. Ga. Feb. 22, 2011) (denying motion to compel directed to third party because "the Plaintiffs sought much of the same information already requested from the Defendants").

13

In the underlying action, Coca-Cola has produced documents responsive to every one of the subpoena's document categories. (D.E. 2-1 at 7). RCDI's motion provides no support for its claim that Coca-Cola has not already provided this information (*see*, *e.g.*, D.E. 1 at 9, 10). RCDI cannot, because Coca-Cola has produced documents to RCDI that are responsive to each of the subpoena's document categories, except number 4.  RCDI's failure to provide any support for its claim that it has sought and failed to obtain these documents from Coca-Cola is fatal to its motion to compel, especially considering that is RCDI's sole justification for its third-party subpoena to Plexus (D.E. 1 at 3).

RCDI alleges that "Plexus has failed and refused to demonstrate that the information RCDI seeks is duplicative [of information already obtained from Coca-Cola.]"  But because RCDI failed to appear for a meet and confer that Plexus' counsel arranged for Friday, February 23 at 5:30 p.m. RCDI itself deprived Plexus of any chance of demonstrating that the subpoena sought purely duplicative information that had already been produced by Coca-Cola.

Here, RCDI has admitted that its third-party subpoena seeks to obtain Coca-Cola's documents – not Plexus' documents – from Plexus. RCDI claims in its motion that it served its third-party subpoena to obtain information from third-party Plexus "only … after efforts to obtain the ***same information*** from

[Coca-Cola] failed." (D.E. 1 at 3) (emphasis added). RCDI justifies this motion to compel solely on the "substantial prejudice" that will be caused to RCDI's "ability to undertake its infringement analysis" in the absence of the information sought through the third-party subpoena (D.E. 1 at 3). But if RCDI had reviewed the documents that Coca-Cola has already produced, it would not have needed to seek this Court's intervention.

Although a party may make appropriate use of a third-party subpoena to test an opposing party's document production, RCDI's subpoenas do not qualify as one of those appropriate uses, because the documents sought have already been produced – RCDI just has not done its "homework" to see what it has already obtained from Coca-Cola. Coca-Cola has repeatedly demonstrated to RCDI that it has already produced the documents requested by its third-party subpoena. Accordingly, RCDI has failed to take all reasonable steps to avoid imposing undue burden or expense on Plexus. *Brilliant Alternatives*, 2011 WL 72336, at *6

### F. Coca-Cola Has Already Produced the Documents RCDI Seeks

RCDI's subpoena to Plexus includes 9 document categories (D.E. 2-1). Categories 1 and 3-7 are identical to RCDI's second set of document requests, nos. 4, 8, 9, 10, 13, and 14, respectively (Ex. 1 (Chart Comparing Plexus document subpoenas to RCDI's requests for documents to Coca-Cola)).  Categories 2, 6, 7,

and 8 are not identical, but nonetheless duplicative of RCDI's First Set of Document Requests, nos. 6, 12, 16, 17, 31, 34, and 52 (*id*.).  RCDI's category 2 to Plexus is duplicative of three document requests to Coca-Cola, Nos. 16 and 17 of RCDI's first set and no. 4 of RCDI's second set (*id*.).  Similarly, RCDI's category 8 to Plexus is duplicative of three document requests to Coca-Cola, nos. 31, 34, and 52 of RCDI's first set of document requests (*id*.).  Although RCDI never served a document request identical to category 9 ("All agreements between Plexus and Coca-Cola relating to any Freestyle dispenser"), Coca-Cola had already produced that agreement back in February 2016 (TCCC00144775-834 (Master Equipment and Supply Agreement)).

RCDI seeks from Plexus Coca-Cola documents that have already been produced in this case. Even if Coca-Cola had not already produced the documents required by RCDI's subpoena, RCDI has not "take[n] reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  *See Aeritas,* 2013 WL 454452, at *2. More surprisingly, RCDI has not even bothered to explain to Coca-Cola, Plexus or this Court (1) why it believes documents are missing from Coca-Cola's production or (2) what information it needs to prosecute its case against Coca-Cola.

### 1.     Document Categories 6 and 7 – Data Transmission

RCDI's subpoena to Plexus requires production of documents related to data transmitted to and from Freestyle dispensers and related servers (D.E. 2-1 at 6, 7). RCDI previously threatened Coca-Cola with a different motion to compel, unless Coca-Cola identified by Bates number its production of documents containing "[r]epresentative samples of all database files stored on each server in communication with the accused Freestyle beverage dispensers" (Nichols Dec. at Ex. L). Coca-Cola responded by identifying representative documents – just as RCDI demanded:

> These include, for example, the documents starting with Bates numbers TCCC00306679, TCCC00306670, TCCC00306635, TCCC00145323, TCCC00146840, TCCC00146861, TCCC00183993, TCCC00183989, TCCC00165569, TCCC00162739, TCCC00086600, TCCC00171044 (used extensively as Exhibit 5 in the January 31, 2018 deposition of Susan Adams), TCCC00000251 (marked and used as Exhibit 8 in the Dan Quartarone deposition, and used in the Susan Adams deposition as well), and TCCC00159550 (marked and used as Exhibit 1 in the deposition of Susan Adams).

(*id*. at Ex. M). Coca-Cola further offered an additional document – created after this case was filed – which was an updated version of what Coca-Cola had previously produced, and that RCDI had complained about. Coca-Cola produced the document "[i]n an effort to avoid RCDI's repeated threats to file motions to compel" (*id*.; *see* TCCC00419872-TCCC00419952).

After producing its documents, and then complying with RCDI's demand that it identify representative documents by Bates number, Coca-Cola never heard back from RCDI regarding these documents. Instead, RCDI has demanded that the very same Coca-Cola documents be produced by Plexus. (D.E. 2-1 at 6, 7.)

RCDI seeks from third parties documents that Coca-Cola has already produced. RCDI's efforts to unduly burden third party witnesses for more of Coca-Cola's documents is an improper use of a third-party subpoena, even if they had been timely served. RCDI's subpoenas should be quashed because it has failed to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *Aeritas*, 2013 WL 454452, at *2.

## 2.    Document Categories 1 and 2 – CAD files

RCDI's subpoena would also require that Plexus produce Coca-Cola's highly confidential CAD files (*see* D.E. 2-1 at 6). RCDI has demanded the same of Coca-Cola many times. On several prior occasions, Coca-Cola explained to RCDI that Coca-Cola had already produced CADs in its initial production in 2016. In an effort to compromise on discovery disputes and avoid involvement by the court, Coca-Cola supplemented its production with additional CAD files, including electrical, fluid, and network schematics on February 16, 2018 (Nichols Dec. at

Exs. O, P). Nonetheless, RCDI still filed this motion demanding the same documents from third-party Plexus.

RCDI alleges in its motion that a third-party subpoena to obtain "Freestyle dispenser design and development documents" is necessary as "[t]his information is not otherwise available to RCDI" (D.E. 1 at 5-6).  But RCDI does not even attempt to demonstrate why Plexus – a third party manufacturer – should be compelled to produce Coca-Cola's highly-confidential CAD documents, or why Coca-Cola's prior production of these documents has not already provided RCDI with ample information regarding the design and development of the Freestyle dispenser.

### 3.    Document Categories 3-5 – Source Code

RCDI's subpoena would also require that Plexus produce Coca-Cola's highly confidential source code (*see* D.E. 2-1 at 6).  Because of the highly sensitive nature of source code, Coca-Cola has refused to produce source code to RCDI in this case.  No company is willing to produce its source code, of course, but in some cases, reading the source code is necessary to understand the functionality of a device accused of infringement.  For example, it may be necessary to understand the function of an algorithm operating on a microchip with no moving parts.  This beverage dispenser case is not one of those cases.

Coca-Cola has been forthright about its refusal, since RCDI first made the request. RCDI has repeatedly criticized Coca-Cola's position, but has never even tried to explain why Coca-Cola's highly sensitive source code would not be merely cumulative over the other documents Coca-Cola has already produced.  In response to Coca-Cola's inquiry as to why RCDI demands Coca-Cola's source code, counsel for RCDI merely responded that "[s]uch information is plainly relevant to the infringement analysis." (Nichols Dec. at Ex. L).

Having failed to persuade Coca-Cola to change its mind as to producing its source code, RCDI resorted to the use of a third-party subpoena to obtain Coca-Cola's source code from Plexus.  RCDI is thus attempting to deprive Coca-Cola of its ability to protect some of its most valuable intellectual property. This Court should not order the production of Coca-Cola's source code from Plexus, when RCDI has not even accepted Coca-Cola's invitation to come inspect a Freestyle dispenser and see it in operation.

1. **RCDI's Subpoenas Seek Documents and Depositions on Topics That Are Not Relevant to Any Claim or Defense in This Case**

Like all patent cases, this case requires a determination of whether Coca-Cola infringes, by comparing the characteristics and functionality of Coca-Cola's Freestyle dispenser with the claims of RCDI's patent.  The functionality of the Freestyle dispenser, and perhaps the Freestyle App, are central

20

to the infringement analysis, and can be easily determined on the record that Coca-Cola has provided.  As Plexus explained in its objections to RCDI's subpoena, the record in this case is full of documents and testimony that RCDI can use to fully prosecute its case against Coca-Cola.

In its motion, RCDI's only explanation for why its third-party discovery is necessary is that the requested information "pertains to the beverage dispensers at issue and Plexus' manufacture thereof [] [and] [t]his information is also not otherwise available to RCDI" (D.E. 1 at 6). However, the record reveals that Coca-Cola has provided a tremendous amount of documentation about the operation of the Freestyle dispenser and Plexus' development thereof. As counsel for Plexus explained to RCDI, Coca-Cola has provided all relevant documents regarding the manufacture of the Freestyle dispenser, such that any further discovery from Plexus is unnecessary and would be irrelevant to the substantive issues of this case (*see* Ex. 3 (TCCC00144301-02 (Fluid Schematic); Ex. 4 (TCCC00144226-230 (R&D Alpha Review); Ex. 5 (TCCC00145319-20) (Pump Module Schematic); *see also* Ex. TCCC00082384-95 (Electrical Test Report); TCCC00082397-411 (Requirements); TCCC00000251 (Freestyle Cloud); TCCC00000252 (Dispenser Schematic); TCCC00000255 (Dispenser Assembly Schematic); TCCC00000256 (Stacked Single Assembly Schematic);

TCCC00000257 (Stacked Single Assembly Schematic); TCCC00004573-74 (Stacked Single Assembly Schematic); TCCC00142451-66 (Freestyle Statement of Work); TCCC00145322 (Ecosystem)).

Nevertheless, there is not a single mention in RCDI's motion whatsoever of why the materials Coca-Cola has already produced are not sufficient to explain "the beverage dispensers at issue and Plexus' manufacture thereof." In fact, RCDI does not need access to previously produced Coca-Cola documents held by Plexus – Coca-Cola's third-party manufacturer.  Allowing such access would only be duplicative of discovery.  Nor would RCDI obtain any probative facts from deposition testimony on how Plexus maintains Coca-Cola's highly confidential documents, or the agreements between Plexus and Coca-Cola.  Accordingly, even if the third-party discovery were not duplicative over discovery already produced in this case, it is simply not relevant to any claim or defense in this case. *Barrington v. Mortage IT, Inc*., No. 07-61304-CIV, 2007 WL 4370647, at *3 (S.D. Fla. Dec. 10, 2007) ("[W]hen relevancy is not apparent, the burden is on the party seeking discovery to show the relevancy of the discovery request." (quotation omitted)).

Respectfully Submitted, March 22, 2018

ALSTON & BIRD LLP

By: */s/ Shane Nichols*

A. Shane Nichols
Georgia Bar No. 542654
Caitlin H. Smith
Georgia Bar No. 500005
1201 West Peachtree St. NW
Atlanta, GA 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
Email:   Shane.Nichols@alston.com
Email:   Caitlin.Smith@alston.com

**ATTORNEYS FOR THIRD PARTY PLEXUS CORP.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 22, 2018, I electronically filed the foregoing

document with the Clerk of Court using the CM/ECF system, which will

automatically send e-mail notification of such filing to all counsel of record who

are deemed to have consented to electronic service.

<u>/s/   Shane Nichols</u>

A. Shane Nichols
Georgia Bar No. 542654
ALSTON & BIRD LLP

**ATTORNEY FOR**
**THIRD PARTY PLEXUS CORP.**

## <u>CERTIFICATE OF COMPLIANCE WITH LR 5.1</u>

Pursuant to Local Rules 5.1 and 7.1(D), counsel hereby certifies that this

motion was prepared using Times New Roman 14 point font.

*/s/Shane Nichols*

A. Shane Nichols
Georgia Bar No. 542654
ALSTON & BIRD LLP


**ATTORNEY FOR THIRD PARTY
PLEXUS CORP.**